# Exhibit 1

Page 1

```
 1
 2      UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF FLORIDA
 3      FORT PIERCE DIVISION
        -------------------------------------------X
 4      VPR BRANDS, LP,
 5                                    PLAINTIFF,
 6
                    -against-        Case No:
 7                                    9:22-cv-81576
 8
        SHENZHEN WEIBOLI TECHNOLOGY CO. LTD.
 9      (ELF BAR), YLSN DISTRIBUTION LLC,
        ECTO WORLD LLC, SAFA GOODS LLC,
10      D&A DISTRIBUTION LLC, UNISHOW (U.S.A.),
        INC., SV3 LLC, and KINGDOM VAPOR INC.,
11
                                      DEFENDANTS.
12      -------------------------------------------X
13               DATE:   March 29, 2023
14               TIME:   1:20 P.M.
15
16          30(b)(6) DEPOSITION of the
17      Defendant, ECTO WORLD LLC, by MATTHEW
18      JONATHAN ANTONIO GLAUSER, taken by the
19      Plaintiff(s), pursuant to Notice and to the
20      Federal Rules of Civil Procedure, held at
21      the offices of Epstein Drangel LLP, 60 East
22      42nd Street, Suite 1250, New York, New York
23      10165, before Cleo Shenkin, a Notary Public
24      of the State of New York.
25
                DIAMOND REPORTING   (877) 624-3287
         info@diamondreporting.com
                        1
```

Page 2

```
 1
 2       A P P E A R A N C E S:
 3
 4       SRIPLAW, P.A.
            Attorneys for the Plaintiff
 5          VPR BRANDS, LP
            21301 Powerline Road, Suite 100
 6          Boca Raton, Florida 33433
            BY:  JOEL B. ROTHMAN, ESQ.
 7          joel.rothman@sriplaw.com
 8
 9       THOMPSON HINE LLP
            Attorneys for the Defendants
10          SHENZHEN WEIBOLI TECHNOLOGY CO. LTD.
            (ELF BAR), YLSN DISTRIBUTION LLC,
11          ECTO WORLD LLC, SAFA GOODS LLC,
            D&A DISTRIBUTION LLC, UNISHOW
12          (U.S.A.), INC., SV3 LLC,
            and KINGDOM VAPOR INC.
13          1919 M Street NW, Suite 700
            Washington, D.C. 20036
14          BY:  ERIC N. HEYER, ESQ.
            eric.heyer@thompsonhine.com
15
16
         EPSTEIN DRANGEL LLP
17          Attorneys for the Defendant (pro hac vice)
            ECTO WORLD LLC
18          60 East 42nd Street, Suite 1250,
            New York, New York 10165
19          BY:  JASON M. DRANGEL, ESQ.
            jdrangel@ipcounselors.com
20
21
22       ALSO PRESENT:
            ANDREW GEDACHT, Videographer
23          VERITEXT
24
                    (CONTINUED ON NEXT PAGE.)
25

                    DIAMOND REPORTING  (877) 624-3287
            info@diamondreporting.com
                               2
```

Case 9:22-cv-81576-AMC-BER Document 115-1 Entered on FLSD Docket 03/31/2023 Page 3 of 167
Case 22-cv-21576-AMC Document 74-1 Filed 06/26/23 Page 4 of 7

Page 3

```
 1
 2        ALSO PRESENT (Cont'd):
 3           ELIEZER LEKHT, ESQ.
             SRIPLAW, P.A.
 4
             RACHEL KAMINETZKY, Law Clerk
 5           SRIPLAW, P.A.
 6           LAYLA NGUYEN, ESQ.
             SRIPLAW, P.A. (via videoconference)
 7
             MARIAN V. QUINTERO, ESQ.
 8           SRIPLAW, P.A. (via videoconference)
 9           LIA WILLIAMS, Paralegal
             SRIPLAW, P.A. (via videoconference)
10
             KEVIN FRIJA, Representative for Plaintiff
11           (Via videoconference)
12           ASHLY SANDS, ESQ.
             EPSTEIN DRANGEL LLP
13
             MICHELLE LI, ESQ.
14           THOMPSON HINE LLP (via videoconference)
15           KERRY BROWNLEE, ESQ.
             EPSTEIN DRANGEL LLP (via videoconference)
16
17
                         *       *       *
18
19
20
21
22
23
24
25
```

1                M. GLAUSER
2        Q.   Okay.
3        A.   And you could put it on the
4    J150 --
5        Q.   Okay.
6        A.   -- and then drip the juice
7    directly like into the mouthpiece, if you
8    wanted to.  I don't think that would be the
9    profitable way to use it, though.
10       Q.   Okay.  What I'm trying to
11   understand is this ELF ADA, was the idea
12   that this IPV product that we see in
13   paragraph 21 would somehow work with the
14   Sigelei ELF product or was this a
15   completely separate product entirely?
16       A.   Separate product entirely.
17       Q.   Okay.  So you wouldn't -- got
18   it, okay.  So when we look at page six, it
19   looks like on the top half, that this is
20   the Sigelei J80 and on the bottom half, the
21   two pictures on the bottom, is the Sigelei
22   J150?
23       A.   Correct.
24       Q.   Right?  Okay.
25            All right, so let's go back to

1                M. GLAUSER
2        A.   Okay, got it.
3        Q.   So this would suggest, looking
4    at it, that there's use in 2016 of ELF, but
5    other than this IPV ELF ADA coil product,
6    right, just put that one aside for a
7    second, the use of ELF stops after 2017,
8    right?
9        A.   As per --
10            MR. HEYER:  Objection to the
11       form.
12       Q.   Correct?
13            THE WITNESS:  Eric, go ahead, I
14        didn't hear what you said.
15       Q.   He objects to the form.
16       A.   Oh.
17            As per my sales chart, yes; as
18   per what's on the U.S. market, I can't
19   speak to that.
20       Q.   Okay.  So it could be on the
21   U.S. market, you're not sure?
22       A.   I'm pretty confident it was
23   but --
24       Q.   Okay.
25       A.   -- I couldn't say that as a

Page 92

```
1                    M. GLAUSER
2     matter of fact.
3          Q.   Okay.  If you had evidence of
4     it, you would have provided it, right?
5          A.   I mean, potentially I guess,
6     yes.
7          Q.   I mean, it's an important
8     issue; you don't want the injunction that
9     the court entered?
10         A.   No, I definitely don't want
11    that injunction.
12         Q.   Okay.  So if you had evidence
13    of it, you would have given it to us?
14         A.   Potentially, yeah.
15         Q.   Why wouldn't you?  You say
16    potentially, why wouldn't you?
17              MR. HEYER:  Objection.
18         A.   I mean I guess I'm not -- I'm
19    personally not responsible -- I have not
20    put this evidence together myself.
21         Q.   Okay.  So I'm showing you what
22    was PX 10 at the hearing on the motion for
23    preliminary injunction (handing), do you
24    remember my client's sales summary chart?
25         A.   Yes, I do.
```