IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| VPR BRANDS, LP,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>VAPE LOFT ABERCORN, LLC; VAPE LOFT COLUMBUS, LLC; VAPE LOFT HUNTER, LLC; VAPE LOFT RICHMOND HILL, LLC; THE VAPE LOFTS GA, LLC; and VIMESH PATEL,<br><br>    Defendants/Counterclaim Plaintiff. | CIVIL ACTION NO.: 4:23-cv-115 |
| VAPE LOFT ABERCORN, LLC' VAPE LOFT COLUMBUS, LLC; VAPE LOFT HUNTER, LLC; VAPE LOFT RICHMOND HILL, LLC; THE VAPE LOFTS GA, LLC; and VIMESH PATEL,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>IMIRACLE (HK) LIMITED; and ECTO WORLD, LLC d/b/ Demand Vape,<br><br>    Third-Party Defendants. | |
| IMIRACLE (HK) LIMITED,<br><br>    Third-Party Crossclaim Plaintiff,<br><br>v.<br><br>VPR BRANDS, LP,<br><br>    Third-Party Crossclaim Defendant. | |

**O R D E R**

On February 16, 2024, the Court issued an Order, (doc. 122), detailing the procedural background of this case as well as a related lawsuit filed in the United States District Court for the Southern District of Florida, VPR Brands, LP v. Shenzhen Weiboli Tech. Co. et al., No. 9:22-cv-81576 (S.D. Fla. Oct. 13, 2022) (Complaint, ECF No. 1) ("the Florida Litigation").  The Court explained that the Florida Litigation was filed months before this lawsuit, involves many of the same parties and claims as this lawsuit, and is on interlocutory appeal to the United States Court of Appeals for the Federal Circuit.  (Doc. 122, pp. 3–5.)  The Court also discussed the "first-filed rule" and questioned whether that doctrine compels the Court to defer adjudication of the various claims, cross claims, and counterclaims asserted in this lawsuit to the Federal Circuit and the Southern District of Florida.  (Id. at pp. 6–9.)  The Court directed the parties to file briefs addressing specific questions incumbent to the first-filed analysis, (id. at p. 8), and the parties complied with that directive, (docs. 125, 126, 127).  Based on the entire record including the supplemental briefing, the first-filed rule warrants deference to the Southern District of Florida's adjudication of the disputes and questions presented by this lawsuit.  That said, the totality of the circumstances warrants a stay of this lawsuit during the pendency of the Florida Litigation and not dismissal.  For these reasons stated more fully below, the Court **STAYS** this action until further Order of the Court.[1]

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-

---

[1] While some precedent exists for putting the first-filed question to the court where the dispute was first filed, the parties here agree that this Court can decide the issue.  (See, doc. 125, pp. 2–3; doc. 126, pp. 2–3; doc. 127, pp. 1–4.)  Thus, the Court will conduct the analysis.

filed suit under the first-filed rule." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). As detailed in the Court's prior Order, the contentions and issues involved in this litigation substantially overlap with those presented to the Southern District of Florida. The parties' various claims hinge on a singular issue: the dispute between VPR Brands LP ("VPR") and Imiracle (HK), Ltd. ("Imiracle") over the trademark ELF in the e-cigarette industry. Imiracle as well as Vape Loft Abercorn, LLC, Vape Loft Columbus, LLC, Vape Loft Hunter, LLC, Vape Loft Richmond Hill, LLC, The Vape Loft GA, LLC, and Vimish Patel ("the Vape Loft Defendants") do not deny that this central dispute undergirds both lawsuits. Indeed, the Vape Loft Defendants concede, "[t]he rulings in the Florida lawsuit could resolve many of the issues raised in this lawsuit." (Doc. 125, p. 4.)

As the party objecting to any application of the first-filed rule, Imiracle must "carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." Manuel, 430 F.3d at 1135 (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982)). To carry that burden, Imiracle argues that this case is structurally unique from cases where the rule is typically applied, that dismissal of the case would strip the Vape Loft Defendants of their principal defense, and that a ruling in this case would not encroach upon the Florida Litigation. (Doc. 127, pp. 6–10.)

Imiracle's first two arguments are credible but do not rise to the level of circumstances warranting disregard of the first filed rule. The procedural posture of this case is unique. However, "[t]he first filed rule does not require that the parties and issues involved be identical, only that they are sufficiently similar[] or substantially overlap." Vital Pharms., Inc. v. PhD Mktg., Inc., No. 0:20-CV-60993-WPD, 2020 WL 6162794, at *2 (S.D. Fla. July 28, 2020) (citing Manuel, 430 F.3d at 1135). Moreover, despite the matrix of claims, crossclaims, and

3

counterclaims in this lawsuit, the primary issue before the Court remains the primary issue before the Southern District of Florida and now the Federal Circuit, that being the competing trademark claims of VPR and Imiracle.  As for Imiracle's second argument, the Vape Loft Defendants—to their credit—essentially and correctly concede that any undue prejudice to them could be alleviated by staying rather than dismissing this lawsuit.  (See doc. 125, pp. 3–5.)

Turning to Imiracle's third argument, this litigation threatens to encroach upon the Florida Litigation and infringe the Southern District of Florida's authority.  Indeed, Imiracle is pushing for this litigation to move forward in hopes that this Court will rule differently than the Florida court.  Imiracle wants the Court to find that Imiracle has priority over the ELF mark based on facts and arguments that arose after the Southern District of Florida issued the preliminary injunction and stayed the Florida Litigation.  (See, e.g., doc. 127, p. 9.)  Imiracle has already attempted to raise the same and similar arguments to the Southern District of Florida, and that court has determined that Imiracle's arguments should not be heard until after the interlocutory appeal.  VPR Brands, LP v. Shenzhen Weiboli Tech. Co. et al., No. 9:22-cv-81576 (S.D. Fla. Oct. 5, 2023) (Order, ECF No. 180); id. (Order, ECF No. 181); id. (Order, ECF No. 182).  Thus, hearing Imiracle's substantive arguments would contravene the Southern District of Florida's decision and usurp its case management.[2]  Much more, granting Imiracle the substantive relief it requests would blatantly contradict the Florida court's preliminary injunction.  Imiracle downplays any such conflict and argues that "[e]njoining VPR would merely prevent both VPR and Imiracle from selling ELF- or ELFBAR-branded products while both preliminary injunction

---

[2] This conflict previews the many questions on which this Court and the Southern District of Florida could diverge, even in the early stages, if both lawsuits proceeded.  The courts could reach conflicting answers to questions including which claims have been plausibly stated, what documents are discoverable, what constitutes proportional discovery, and who should be deposed and when.  The first-filed rule aims to prevent this sort of misalignment.

orders remain in effect." (Doc. 127, p. 9.) Imiracle misapprehends the potential for substantive conflict for several reasons. Most meaningfully, ruling in Imiracle's favor, even preliminarily, would necessitate a finding that Imiracle—and not VPR as the Florida court ruled—is likely to succeed on the merits of the parties' competing claims to the ELF trademark. See VPR Brands, LP v. Shenzhen Weiboli Tech. Co. et al., No. 9:22-cv-81576 (S.D. Fla. Feb. 23, 2023) (Order, ECF No. 83, pp. 12–24). Imiracle also understates the breadth of the Southern District of Florida's preliminary injunction. The Florida court enjoined not only the defendants in the Florida Litigation but also "their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them" and it gave nationwide effect to its Order. Id. at pp. 30–31. Thus, by requesting that this lawsuit proceed without any deference to the Florida court, Imiracle petitions the Court to usurp that Court's significant ruling issued after reviewing a litany of pleadings and conducting an evidentiary hearing. This is the exact type of conflict that the first-filed rule prevents.

Also unavailing is Imiracle's claim that proceeding with this action will serve the interests of judicial efficiency and economy. Having many of the same parties litigate many of the same issues in two forums would duplicate the courts' and the parties' time, efforts, and resources. Yet Imiracle reasons that the Florida Litigation could remain stayed for several more months while the Federal Circuit hears the defendants' interlocutory appeal. But this lawsuit would likely follow much the same course as the Florida Litigation. At the least, the parties would file additional briefing and attend a hearing before the Court could rule on the pending Motion for Preliminary Injunction, (doc. 41), and Motions to Dismiss, (docs. 81, 113). Then, the losing party would likely seek an interlocutory appeal to the Federal Circuit, just as the defendants did in the Florida Litigation. At that point, this case would have just reached the point where the Florida Litigation

already is.  Of course, if the Federal Circuit rules in the Florida Litigation before this case reached the appellate court, all the work before and by this Court would be for naught.  Alternatively, an interim ruling and appeal to the Federal Circuit in this case while the Florida Litigation is still before the Federal Circuit could further delay disposition of that appeal.  All of this is to say that proceeding with this lawsuit while the Florida Litigation is still pending would be a needless waste of the parties' and the Court's resources and would make more of a mess of these cases than the parties have already made.

While prudence and comity dictate that the Court defer to the Southern District of Florida's resolution of the issues underlying this lawsuit, equity compels the Court to deny VPR's request for dismissal.  A stay of the second-filed action "is a preferred remedy, especially where there is a reasonable possibility of prejudice or dismissal of the first-filed action."  White v. Microsoft Corp., No. CV 05-0731-WS-M, 2006 WL 8437872, at *5 (S.D. Ala. Apr. 3, 2006).  The Vape Loft Defendants, who are not a party to the Florida Litigation, make a compelling case for the undue prejudice they would likely incur if the Court were to grant dismissal.  (See doc. 125, pp. 3–5.)  Additionally, VPR and Imiracle concede that the Court has discretion to stay this litigation and doing so would be a prudent option if the Court does not follow their respective favored approach.  (See doc. 126, p. 10; doc. 127, p. 10.)

Thus, the Court **STAYS** this lawsuit until further order of the Court.  The Court **DIRECTS** the parties to file a joint status report by June 24, 2024, and every ninety days thereafter.  In each report, the parties shall update the Court on the progress of the Florida Litigation and any other significant developments in the parties' disputes.  The Court **DENIES WITHOUT PREJUDICE** Imiracle's Motion for Preliminary Injunction, (doc. 41), VPR's Motion to Dismiss Imiracle's Amended Cross Claims, (doc. 81), and VPR's Motion to Dismiss Vape Loft

Defendants' Counterclaims, (doc. 113).

**SO ORDERED**, this 27th day of March, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA